IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID O. OLIVER, #285 230, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:13-CV-14-WKW |
| | ) [WO] |
| VICTOR NAPIER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed A Motion for Preliminary Injunction on May 7, 2013.  Inasmuch as the court has determined that Plaintiff's motion for temporary injunction is due to be denied (*see Doc. No. 29*), the court finds that Plaintiff's request for a preliminary injunction is due to be denied as the standards for granting relief on a TRO and a preliminary injunction are the same.[1]  *See Parker v. State Bd. Of Pardons and Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001)  ("A TRO  or preliminary injunction is appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits.").  *See Meachum v. Fano,* 427 U.S. 215, 225 (1976) (prisoners do not have a constitutional right to remain in or be transferred to a correctional institution of their own choosing); *Clark v. Browers,* 2005 WL

---

[1] A temporary restraining order ("TRO") is appropriate where the movant demonstrates that (a) there is a substantial likelihood of success on the merits; (b) the TRO . . . is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the TRO . . . would cause to the non-movant; and (d) the TRO . . . would not be averse to the public interest." *Parker*, 275 F.3d at 1034-35.  The movant bears the burden of proving each of these four elements.  *Teper v. Miller*, 82 F.3d 989, 992 n.3 (11th Cir. 1996).

1926088, at *3 (E.D.Mo. Aug. 10, 2005) (inmate's motion for temporary restraining order or preliminary injunction that did not seek to enjoin any illegal act of defendants, but instead requested transfer to another correctional facility, denied because "plaintiff does not have a right to be held in the institution of his choosing"); *see also Beltran v. Smith,* 458 U.S. 1303, 1305 (1982) (in case where federal inmate objected to prison transfer because he felt safer and more secure at current institution, court denied inmate's application for emergency stay while appeal from denial of motion for preliminary injunctive relief was pending in court of appeals because "[t]he Attorney General has authority to transfer [the inmate] from one facility to another in his discretion." ).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   The Motion for Preliminary Injunction filed by Plaintiff (*Doc. No. 27*) be DENIED; and

2.   This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before **June 3, 2013** Plaintiff may file an objection to the Recommendation.  Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings in the Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in

the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

    DONE this 14th day of May 2013.

                                         /s/Terry F. Moorer
                                         TERRY F. MOORER
                                         UNITED STATES MAGISTRATE JUDGE